[No. 15615.  Department Two.  May 19, 1920.]

# L. C. KRIEGLER, *Plaintiff and Appellant,* v. SPOKANE MERCHANTS' ASSOCIATION, *Defendant and Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (141)—RIGHTS OF ADMINISTRATORS—BY BENEFICIARY.  Where an administrator refuses to bring an action for an accounting upon stock held for an estate, an interested heir may bring the action.

ASSIGNMENT FOR CREDITORS (24)—ACTIONS BY ASSIGNEE.  An assignor for the benefit of creditors who was the owner of stock assigned, may bring an action in her own name against the assignee for an accounting for waste and breach of trust.

APPEAL (452)—HARMLESS ERROR—ADMISSION OF EVIDENCE—TRIAL DE NOVO.  On appeal from an action for an accounting, triable *de novo,* errors in the admission of evidence are immaterial.

EVIDENCE (211)—OPINIONS—COMPETENCY—VALUE OF LAND.  A witness who had lived in a town over thirty years and laid out the townsite, and knew the property in question and its value, is competent to testify as to the value.

ACCOUNT (10)—ACTIONS FOR—DEMAND.  A demand for the return of goods after all debts had been paid by the assignee is a sufficient demand to support an action against the assignee for an accounting.

ASSIGNMENT FOR CREDITORS (37)—LIABILITY FOR LOSSES—NEGLIGENT SALE OF PROPERTY.  An assignee for the benefit of creditors who, without notice to anyone, accepted an offer and sold property for $5,000, when it was inventoried for $17,000 and could have been sold on any reasonable notice for $10,000, is guilty of negligence rendering himself liable for the loss.

SAME (37)—ACCOUNTING—ATTORNEYS FEES.  Under an assignment for the benfit of creditors in which the assignee agreed to sell the property and pay debts, retaining a commission of five per cent, he is not entitled to any allowance for attorney's fees.

FIXTURES (9)—BETWEEN VENDOR AND VENDEE—WALLED-IN SAFE.  A safe, walled into a building with brick and which could not be taken out without tearing down the walls, is a fixture which passes to the purchaser of the building.

APPEAL (72)—DECISIONS REVIEWABLE—PART OF JUDGMENT.  A plaintiff may appeal from the part of a judgment adverse to her,

[1]Reported in 189 Pac. 1004.

under Rem. Code, § 1719, notwithstanding the case is triable *de novo* on appeal.

ASSIGNMENT FOR CREDITORS (37)—ACCOUNTING—CHARGES—CLAIMS CONSENTED TO. An assignor for the benefit of creditors who consented that a claim against her husband's estate be paid out of the funds cannot, in an action for accounting, charge the payment against the assignee, even if the probate court was without jurisdiction to make the order for the payment.

Cross-appeals from a judgment of the superior court for Lincoln county, Sessions, J., entered April 23, 1919, in favor of the plaintiff, in an action for an accounting, tried to the court. Modified on defendant's appeal.

*J. D. Campbell, J. B. Campbell, Wakefield & Witherspoon,* and *Dodds & Dodds,* for appellant.

*J. D. McCallum* and *M. E. Jesseph,* for respondent and cross-appellant.

MOUNT, J.—This action was brought for an accounting against the defendant. Trial to the court without a jury resulted in a judgment in favor of the plaintiff for the return of certain property and for a money judgment on account of real estate sold by the defendant. Both parties have appealed from the judgment. We shall therefore designate them as "plaintiff" and "defendant."

It appears that, prior to the year 1915, the majority of the stock of the Kriegler-Page Mercantile Company was owned by the plaintiff and her husband, E. J. Kriegler. A few shares were owned by another party. The management of the company was under the control of E. J. Kriegler, during his lifetime. After E. J. Kriegler's death, his wife, claiming to own all the stock of the company, undertook to manage the business. It did not prosper, and on the 5th day of May, 1915, she made an assignment of all the property of

the company to the defendant, Spokane Merchants' Association, a corporation. This assignment was made for the benefit of creditors, and the assignee went into possession of all the property under an agreement to dispose of the merchandise on hand to pay the creditors and thereupon return the balance of the property to the plaintiff. The property included in the assignment consisted of a stock of general merchandise and also of certain real estate in the town of Ruff, in Adams county, and in the town of Odessa, in Lincoln county. After the assignment, the assignee made sales of the personal property and conducted the business for a period of several months. The plaintiff then made a demand upon the defendant that the balance of the property be returned to her in accordance with the agreement at the time of the assignment. She alleged in her complaint, in substance, that the property of the Kriegler-Page Mercantile Company was wasted and dissipated; that great loss resulted to her by reason thereof; that various articles of merchandise were sold at less than their real value; that the real estate in the town of Odessa was sold without her consent and at a price less than half the sum it could have been sold for if the assignee had used reasonable care, or any degree of care, in procuring a purchaser; and that the assignee was guilty of a breach of trust in disposing of the real estate.

The trial of the case was lengthy. It involved an accounting between the parties, and many items were considered. The court, after listening to all the evidence, was of the opinion that the assignee, in the discharge of its duties in handling the merchandise and personal property assigned to it, had used due diligence; that the plaintiff, during most of the time when the sales were taking place, was present in the store or about the premises, and knew of the manner in

which the sales were made and the prices obtained therefor, and made no objections thereto. The court therefore concluded that the defendant had performed its full duty in regard to the items of personal property handled by it. In regard to the real estate in the town of Odessa, which consisted of a brick store building, the trial court was of the opinion that the assignee did not use due diligence in making the sale of this property; that it was sold for less than half its value and without the knowledge of the plaintiff; that, if the defendant had used due diligence or due care, the property would have been sold for at least $10,000, when it was actually sold for $5,000. The court, for that reason, entered a judgment in favor of the plaintiff for the difference between what the real estate ought to have been sold for and what it was actually sold for.

The defendant argues, first, that the plaintiff had no right to bring this action. This contention is based upon the claim that the plaintiff is not the owner of the stock of the Kriegler-Page Mercantile Company. It is argued that a part of this stock descended to her by reason of the ownership of her husband; that her husband's estate was in process of administration in the probate court; and that it was the duty of the administrator of that estate to bring the action. There are two sufficient answers to this assignment of error: First, the complaint alleges that the administrator of the estate of E. J. Kriegler, deceased, refuses to bring the action; and second, it was shown upon the trial, without any contradiction, that all of the stock of this Kriegler-Page Mercantile Company, before the death of E. J. Kriegler, was assigned to the plaintiff, and that the plaintiff was the owner thereof; that the shares that were held by other persons had been purchased by her before this action was begun. So it

appears from the record that the plaintiff is the sole owner of all the stock of the corporation, and therefore may maintain the action.

The defendant next assigns several errors on account of persons being permitted to testify as to the value of the real estate, maintaining that these persons were not qualified to testify. We shall not discuss these assignments in detail. The case is triable here *de novo* and we shall consider only evidence which was admissible. There were several witnesses who testified as to the value of the property. One of these witnesses was G. W. Finney, who testified that he had lived in Odessa for thirty-two years; had laid out the town site; knew the property in question; had bought and sold property in the town and knew the value of this particular real estate. Clearly, this witness was competent to testify as to the value of the property. He did so testify, and placed its value at from $12,000 to $13,000. There were other witnesses equally competent to testify, and all the witnesses for the plaintiff placed the value of the real estate in the town of Odessa at not less than $10,000. There was competent evidence, therefore, to show that this was the value of the property.

The defendant then argues that the court erred in denying the defendant's motion for a nonsuit at the close of the plaintiff's evidence, because there had been no demand for an accounting. The evidence seems to be quite clear that the plaintiff had, on different occasions, demanded that the property be returned to her, claiming that the debts had all been paid prior to the time she brought the action.

Defendant next strenuously argues that the court erred in finding that the defendant had been negligent and careless in selling the real estate in Odessa for $5,000.

"It is well settled that an assignee for the benefit of creditors is bound to exercise the same care in the management of the estate intrusted to him that an ordinarily prudent person would use in his own affairs under like circumstances, and he may be held personally liable for such losses, deficiencies or injuries as may be occasioned by his affirmative or negative violation of this rule and the duties it imposes." 2 R. C. L., page 712, § 65, under title, "Assignments for the Benefit of Creditors."

This rule does not seem to be disputed. We think the record is reasonably plain that the real estate in the town of Odessa was worth at least $10,000, and that it could have been sold, upon any kind of notice, for at least this sum. The defendant, without letting it be known that the property was for sale, accepted an offer of $5,000 for it, and closed the sale. Within a week, and before the sale was concluded, the purchaser sold the poorest half of the property for $5,000 and refused $6,000 for the other half. Besides this, the property was inventoried for $17,000 at the time it was taken over by the assignee. Insurance for a much larger sum than it was sold for was carried on the buildings alone, and the evidence shows, with little or no dispute, that the real estate sold for $5,000 was worth more than $10,000 and could have been sold without any effort for at least $10,000. We think the trial court therefore properly concluded that the defendant did not use that degree of care in the management of the real estate that an ordinarily prudent person would have used in his own affairs under like circumstances.

Defendant further argues that the plaintiff is estopped to make a claim for damages on account of the sale of this real property, because she knew of the sale and consented to it. Her evidence is clear to the effect that she did not know of the sale until long

after it had been made; that, as soon as she knew of it, she protested against the sale. There was clearly no estoppel here.

Defendant next claims that the court erred in not allowing it an attorney's fee for defending this case. There is no provision of the law authorizing an attorney's fee in a case of this kind. The assignee took the property of the plaintiff under an agreement to sell the same and to pay the debts, and retain as its compensation a commission of five per cent on all sales. This action was brought for an accounting upon that trust. There is no statute warranting the allowance of an attorney's fee in such a case. The court properly denied the same.

It appears that in the building which was sold by the assignee there was a safe of the value of $600. The court allowed a recovery for the value of this safe. It appears that, at the time the building was erected, this safe was built into the structure. It was walled in with brick, and there is evidence to the effect that it could not be taken out of the building without tearing down the walls. It is plain from the record in the case that this safe was a part of the building; as much so as any other article which was built into the walls of the building. It could not be taken out without tearing down the walls. It was a part of the building and a permanent fixture there, under the rule in *Ballard v. Alaska Theatre Co.*, 93 Wash. 655, 161 Pac. 478. We think the court erred in allowing a recovery for this item.

The defendant moves to dismiss the plaintiff's appeal for the reason that the case is triable here *de novo*, and that the appeal attempted to be taken by the plaintiff purports to be an appeal from a part only of said decree. It is true the appeal of the plaintiff is from a part only of the decree, but it is from the

whole of the decree adverse to the plaintiff. The statute, Rem. Code, § 1719, provides that a party may appeal from a part of any judgment. Clearly this plaintiff had a right to appeal from the part of the decree which was against her. There is no merit in the motion, and it is therefore denied.

The plaintiff, in her cross-appeal, assigns a number of errors with reference to certain items which she claims were sold under price or in violation of the agreement. We think it is needless to discuss these in detail. We are satisfied that, in the conduct of the business, so far as it related to the merchandise, the assignee endeavored faithfully to obtain the best price and to close up the business with dispatch and to promptly pay the creditors. There is one item, however, that we think may be noticed briefly. It is claimed by the plaintiff that the court erred in allowing the claim of one Joe Kriegler for something like $3,800 to be paid by the assignee. It appears that Joe Kriekler was a brother of E. J. Kriegler; that, upon the death of E. J. Kriegler, he owed his brother Joe some $3,250; that his brother, because of this debt, succeeded to the administration of E. J. Kriegler's estate. After the assignment by Mrs. Kriegler, it was proposed that this debt to Joe Kriegler should be paid by the assignee out of the funds of the Kriegler-Page Mercantile Company. The plaintiff, according to the testimony, agreed that this might be done, and that the probate matter might be settled in this way. An order of the probate court was obtained to that effect, and in accordance with that order Joe Kriegler was paid by the defendant. Even if the probate court was without jurisdiction to make the order, the record shows that the plaintiff agreed that the payment should be made in that way and it was so made. We think there was no error, therefore, in the refusal of the

court to charge this item up against Joe Kriegler or the Spokane Merchants' Association.

We think there is no merit in any of the other assignments of the plaintiff.

That part of the judgment appealed from by the defendant is modified to the extent that $600 be deducted therefrom. In all other respects the judgment is affirmed. The defendant will recover its costs in this court.

HOLCOMB, C. J., FULLERTON, and BRIDGES, JJ., concur.